UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TIESHA DUPREE

        Plaintiff,

-against-

TRAVEL + LEISURE CLUBS & RENTAL,
LLC and CHRISTOPHER GEORGE,

        Defendants.

Index No.:

**COMPLAINT**
**Jury Trial Demanded**

Plaintiff TIESHA DUPREE ("Plaintiff" or "Ms. Dupree"), by and through her attorneys,

FISHER TAUBENFELD LLP, alleges against Defendants TRAVEL + LEISURE CLUBS &

RENTAL, LLC ("Travel + Leisure", the "Company" or the "Corporate Defendant") and

CHRISTOPHER GEORGE ("Defendant George" or "Individual Defendant") (collectively

Defendants) as follows:

## NATURE OF THE ACTION

1.    This action arises and Plaintiff seeks damages under 42 U.S.C. § 2000e et

seq. ("Title VII"), New York State Human Rights Law, NY Exec Law § 296 et. seq (2015) ("State

Law"), and the Administrative Code of the City of New York § 8-101 *et seq.* ("City Law").

2.    Plaintiff brings this action to challenge the following discriminatory and

retaliatory acts and/or omissions Defendants committed in violation of Title VII, State Law, and

City Law:

    i.    Defendants' discrimination in the terms and conditions of Plaintiff's
employment based on her race;

    ii.    Defendants' retaliatory termination of Plaintiff's employment because of
her complaints of discrimination.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the state and city law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. All conditions to jurisdiction under Title VII have been met. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and received a Notice of her Right to Sue from the EEOC on April 3, 2024, thereby giving Plaintiff the right to proceed in Federal Court and giving this Court jurisdiction.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

6. Pursuant to §8-502(c) of the New York City Human Rights Law, within ten days of the filing this Complaint with the Court, Plaintiff will serve a copy of this Complaint on the New York City Commission on Human Rights and on the Corporation Counsel for the City of New York.

## PARTIES

### *Plaintiff*

7. Plaintiff is a New York resident and a Black woman.

8. Plaintiff was at all times an "employee" within the meaning of State Law, protected from discrimination on the basis of race.

9. Plaintiff was at all times a "person" within the meaning of City Law, protected from discrimination on the basis of race.

2

*Defendants*

10.    The Company is a travel agency based in Florida but operating throughout the United States, including in New York City.

11.    At all relevant times, the Company has continuously been doing business in the State of New York and the City of New York and has continuously employed more than four (4) people, and accordingly is an "employer" within the definitions of State Law and City Law.

12.    Defendant Goerge is the President of the New York region of the Corporate Defendant and at all relevant times supervised Plaintiff by, inter alia, setting Plaintiff's schedule, assigning duties and responsibilities to Plaintiff, taking disciplinary action against Plaintiff, and ultimately terminating Plaintiff. Defendant George was Plaintiff's employer.

## FACTUAL ALLEGATIONS

*Background regarding Plaintiff's Employment.*

13.    For 3 months, starting on May 19, 2023, Plaintiff worked as a marketing agent for Defendants in their Club Wyndham Destinations division.

14.    Plaintiff's responsibilities included making field sales of timeshares in several locations throughout New York City.

15.    During Plaintiff's employment, she was subjected to constant racist comments from one of her coworkers and eventual supervisor, Giovanni Quinones.

16.    Though Plaintiff tried to ignore the comments at first, they became intolerable as they increased in intensity and volume following Mr. Quinones' promotion.

17.    Approximately one month after Plaintiff started working for Defendants, she was working with Mr. Quinones at the Margaritaville hotel in Times Square.

18.    While speaking to Plaintiff and a group of coworkers, Mr. Quinones commented about Plaintiff: "She's cute, for a black girl."

3

19.     Mr. Quinones often called Plaintiff "Theresa" instead of using her real name, despite Plaintiff wearing a nametag while working.

20.     Mr. Quinones' comments often focused on Plaintiff's economic status, insinuating that she must not have a lot of money due to her race.

21.     On one occasion, Mr. Quinones expressed surprise that Plaintiff was wearing designer sunglasses, saying "How can you afford those? I'm just asking because I've never seen anyone like you wearing glasses like that."

22.     Plaintiff lives on Staten Island, and for convenience would take the ferry to work through Pier 79.

23.     Mr. Quinones commented that Plaintiff must be taking the ferry only because she couldn't afford a car.

24.     When Plaintiff protested his racist comments, Mr. Quinones replied: "I'm not racist, I'm Puerto Rican."

25.     Plaintiff was offended by Mr. Quinones' constant racist comments towards her and complained four or five times to manager Jason St. Clair and to the president of the New York district, Christopher George.

26.     Mr. St. Clair told Plaintiff that he would speak to Mr. George on her behalf, and Mr. George informed her that he would speak to the HR department about the issue.

27.     Plaintiff never received any direct contact from the HR department, and is unaware whether an official complaint was filed.

28.     Mr. Quinones' harassment continued unabated.

29.     The final straw was when Mr. Quinones directed a family from West Africa to speak with Plaintiff about timeshares, knowing that there was no availability in that region and that she would not be able to make a sale.

30. Mr. Quinones told these customers, "You should talk to my coworker here, she's African."

31. Plaintiff is not African and was born in America.

32. Plaintiff pushed back, saying that she was not African and that Mr. Quinones was being racist.

33. Mr. Quinones responded: "Why are you attacking me?"

34. The interaction became heated, and Mr. George intervened and sent Plaintiff home for the day.

35. When Plaintiff asked Mr. George about when she could return to work, he replied that he needed to talk to HR before she could return.

36. Instead, Mr. George called Plaintiff the following week and informed her that she had been terminated.

## FIRST CAUSE OF ACTION

### (Race Discrimination
### in Violation of Title VII
### as to Corporate Defendant)

37. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

38. Travel + Leisure willfully violated federal law when it subjected Plaintiff to race discrimination in the terms and conditions of her employment.

39. As a proximate result of the Corporate Defendant's unlawful acts of discrimination, Plaintiff has endured emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to her reputation.

40. As a proximate result of the Corporate Defendant's unlawful acts of

discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## SECOND CAUSE OF ACTION

### (Race Discrimination
### in Violation of State Law
### As to All Defendants)

41.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

42.    Defendants willfully violated State Law when they subjected Plaintiff to race discrimination in the terms and conditions of her employment.

43.    As a proximate result of the Defendants' unlawful acts of discrimination, Plaintiff has endured emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to her reputation.

44.    As a proximate result of the Defendants' unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## THIRD CAUSE OF ACTION

### (Race Discrimination
### in Violation of City Law
### As to All Defendants)

45.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

46.    Defendants willfully violated City Law when they subjected Plaintiff to race discrimination in the terms and conditions of her employment.

47.    As a proximate result of Defendants' unlawful acts of discrimination,

Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to her reputation.

48.    As a proximate result of the Defendants' unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

## FOURTH CAUSE OF ACTION

### (Retaliation
### in Violation of Title VII
### As to Corporate Defendant)

49.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

50.    By the acts and practices described above, Travel + Leisure terminated Plaintiff in retaliation for her complaints of race discrimination.

51.    Travel + Leisure knew that its actions constituted retaliation and willfully disregarded Plaintiff's statutorily protected rights.

52.    As a proximate result of the Corporate Defendant's unlawful acts of retaliation, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to her reputation.

53.    As a proximate result of the Defendants' unlawful acts of retaliation, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits. Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

## FIFTH CAUSE OF ACTION

### (Retaliation

7

**in Violation of State Law
As to All Defendants)**

54.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

55.    By the acts and practices described herein, Defendants intentionally and willfully violated State Law by retaliating against Plaintiff for complaining about race discrimination.

56.    As a proximate result of Defendants' unlawful retaliation, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to her reputation.

57.    As a proximate result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## SIXTH CAUSE OF ACTION

### (Retaliation
### in Violation of City Law
### as to all Defendants)

58.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

59.     By the acts and practices described herein, Defendants intentionally and willfully violated City Law by retaliating against Plaintiff for complaining about race discrimination.

60.     As a proximate result of Defendants' unlawful retaliation, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to her reputation.

61.     As a proximate result of Defendants' unlawful retaliation, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Back Pay, Front Pay, and damages for all employment benefits Plaintiff would have received but for the discriminatory and retaliatory acts and practices of Defendants;

D. Mental anguish and pain and suffering damages sustained as a result of Defendants' discriminatory and retaliatory conduct;

E. Punitive Damages;

F. Plaintiff's costs and attorneys' fees; and

G. All other relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury of all issues as of right by a jury.

Dated: July 2, 2023

Respectfully submitted,

By: _____
Liane Fisher, Esq.
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
*Attorneys for Plaintiff*